No. 16,110.

## WILSON, ADMINISTRATOR, *v.* WHITE ET AL.

WILL.—*Bequest of a Fund in Trust.*—*Taxes Accruing on.*— *Who Pays.*—*Failure to Make Testamentary Provision for.*—Where, by the terms of a will, the title to a certain $3,000 was vested in the executor in trust for A. during her natural life, the same to be loaned, and the interest accruing thereon to be paid over to A., to be used and enjoyed by her as her absolute property, and, at the death of A., the said $3,000, and any interest not due or paid over to A. to remain in the testator's estate for distribution; the will failing to make any provision for the payment of taxes on the said trust fund, the said $3,000, but making all of the income therefrom the absolute property of A., the taxes accruing on the said trust fund are to be paid out of the general funds of the estate, provided the estate has not been closed, and the trust fund placed in charge of a special trustee.

TAXES.—*Real Estate.*—*Life-Estate in.*—*Personalty.*—*Life Interest in.*—*Taxes, How Collected Respectively.*— *Variation of Rule.*—The rule as to the payment of taxes, as applicable to a tenant for life of real estate—that the taxes accruing on the estate are collectible out of the rents and profits, even though the life estate is created by will, unless the will explicitly provides otherwise—does not always exist as to a life interest in personalty.

SAME.—*Statute Construed.*—*Decedents' Estates, Trust Funds, etc.*—*Duty of Executor, etc., to Pay Taxes on.*—*How Paid.*—The statute, section 6443, R. S. 1881, makes it the duty of every administrator, executor, trustee, etc., to pay the taxes on such estates out of the assets of the estates.

Appeal from the Fayette Circuit Court.

*R. Conner* and *H. L. Frost*, for appellant.

*J. I. Little* and *D. W. McKee*, for appellees.

McCABE, J.—This was a suit brought by the appellant as administrator *de bonis non*, with the will annexed, of Christian Beck, deceased, against Martha J. Beck, Mary Josephine Beck, and Josephine White, formerly Beck, his sole legatees, to secure a judicial construction of the last will of said Christian Beck, deceased, by the Circuit Court upon certain disputed points. At the request of the appellant, the Circuit Court made a special finding of the

facts upon which it stated certain conclusions of law, to which appellant excepted. Judgment was rendered on the special finding, pursuant to the conclusions of law, in favor of appellee. Appellant assigns for error here that the Circuit Court erred in its conclusions of law.

The controversy is whether the administrator, out of assets in his hands belonging to the estate, is to pay the taxes assessed on a certain $3,000, and costs of managing the same, which, by the provisions of the will, is loaned out on mortgage security by the administrator, and the interest is directed by said will to be paid semi-annually to appellee Josephine White, formerly Beck, during her life, or is to be paid by him out of the interest before it is paid over to her? The administrator contends that it is to be paid out of such interest, while the appellee Josephine contends that it is not so to be paid, but is to be paid out of the residuum in his hands.

The material facts found are that the testator died on the —— day of ———, 1876, leaving a last will, which was probated on —— of August 1876, the material parts of which are as follows:

"*Item 3d.* It is my will, and I hereby direct my executor, as soon after the payment of debts and funeral expenses as three thousand dollars may be realized from my estate, to loan said sum of three thousand dollars for the benefit of my sister Josephine Beck, during her natural life; said loan to be well secured by mortgage on real estate, with interest at the best rate that can be obtained, payable semi-annually if practicable, said interest to be paid over to my said sister Josephine as soon as collected, to be used and enjoyed by her as her absolute property. At the death of my said sister, the said sum of three thousand dollars, with any interest not due or paid over to her as aforesaid, *shall remain in my estate for distribution*, as hereinafter stated."

The residue is given to his wife and daughter in equal

shares, provided his daughter Mary Josephine should die without issue before reaching twenty-one years of age, then one-third of the residue goes to his sister Josephine, and two-thirds to his wife; in that event the payment of the interest on the $3,000 to cease, and "said $3,000 shall be distributed as a part of my estate."

It is further found, that appellant as administrator *de bonis non*, with the will of the testator annexed, had, at the commencement of this action, and still has in his hands gross interest earned upon the $3,000 to the amount of $210; that there were then, and still are, due taxes for State, county and city purposes, accrued and unpaid on account of said $3,000, the sum of $58.50; that there were, and still are, expenses accrued and unpaid for managing said trust since the 8th day of October, 1889, to the amount of $20; that said fund has been assigned for more than ten years; that there are sufficient funds now in plaintiff's hands, of the residuum of the estate of the testator, to pay said taxes, and the expenses of administering and managing said trust fund; that the defendants hereto are the legatees under said will, said Josephine Beck being now Josephine White.

As conclusions of law upon these facts the court stated "That the gross interest earned on said $3,000 trust fund should be paid to said defendant Josephine White, and that no part of said interest should be used to pay taxes on, or expenses of managing, said trust fund, but that such taxes and expenses should be paid out of other assets in the hands of said administrator."

So far as we are advised, the question here involved has never been passed upon by this court. *Corya* v. *Corya*, 119 Ind. 593, does not decide and does not involve the question; and it is difficult, if not impossible, to reconcile the adjudicated cases by courts of last resort outside of this State upon the question. Appellant has cited, and relies upon, *Spangler* v. *York County*, 13 Penn. St. 322; *Whitson*

v. *Whitson,* 53 N. Y. Ct. Apps. 479; *Lawrence* v. *Holden,* 3
Brad. (N. Y.) 142; *Pinckney* v. *Pinckney,* 1 Brad. (N. Y.)
269; *Stone* v. *Littlefield,* 24 N. E. Rep. 592.

The rule seems to be well settled that a tenant for life
of real estate is compelled to pay taxes, interest on incum-
brances, and expense of repairs, out of the rents and prof-
its, even though the life estate is created by a will, unless
the language of the will is so explicit as to require these
burdens, or some part of them, to be paid out of the
*corpus* of the estate. Some courts have applied the same
rule indiscriminately to bequests of money.

The same reasons for the rule do not always exist as to
a life-interest in personalty that does in a life-estate in
real estate. It often happens that there is no other source
from which taxes can be drawn in a life-estate in real
estate than the rents and profits, unless the fee is exposed
to sale to pay taxes, and that would defeat the object of
the devise, both as to the life tenant and the remainder-
man.

In *Whitson* v. *Whitson, supra,* the language of the will
was:

"I give and bequeath to my beloved wife Eliza C. Whit-
son the life use of the sum of $10,000, directing my exec-
utors to semi-annually pay to her the lawful interest of
said sum of $10,000 from the day or date of my death,
and after the decease of my widow this $10,000 to descend
and pass to any heir or heirs my said wife shall have by
me, and if no such heir or heirs, I hereby bequeath the
same to my son Oliver Whitson, with all other, rest, res-
idue, and remainder of my estate, excepting the sum of
$1,000, I give and bequeath to my daughter Mary Vander-
veer."

The court says "That the fund invested would be sub-
ject to taxation was not probably thought of by him [the
testator]. Had it been, and had he designed that the taxes
should not be paid from the interest, he would so have de-

clared; not having done so, the law provides that they shall be paid from the income."

What law it was that so provided, whether statutory or common law, the Court of Appeals does not state; nor does it cite the two cases in the Surrogate Court of the county of New York, reported in 1 and 3 Brad., above referred to.

*Lawrence* v. *Holden, supra,* was a life-estate in real estate. *Pinckney* v. *Pinckney, supra,* was a case that included both a life-estate in real estate and the income of certain money invested on bond and mortgage.

One point decided by the Court of Appeals of New York, in *Whitson* v. *Whitson, supra,* we are inclined to follow, and that is that the fund invested or to be invested, in this case, would be subject to taxation, was not probably thought of by the testator, Christian Beck. Had it been, and had he designed that the taxes and expenses, etc., should be paid from the interest, he would have so declared; not having done so, the law must determine whether such payment must be made from the income or from the general funds in the hands of the administrator.

At the time this suit was brought the tax law of 1881 was in force. Section 6443, R. S. 1881, reads as follows:

"It shall be the duty of every administrator, executor, guardian, receiver, trustee, or the person having the property of any decedent, infant, idiot, or insane person in charge, to pay the taxes due upon the property of such decedent, ward, or party. In case of neglect to pay any installment of taxes when due, when there is enough money on hand to pay the same, the county treasurer shall present to the circuit or other proper court of the county, at its next term thereafter, a brief statement, in writing, signed by him as such county treasurer, setting forth the facts and amount of such delinquency; and such court shall at once issue an order directed to such delinquent, commanding him to show cause, within five days thereafter,

why such taxes, penalty, and costs should not be paid; and, upon failure to show good and sufficient cause for such non-payment, the court shall order him to pay such taxes out of the assets in his hands belonging to the estate of said decedent, ward, or other person."

It will be observed that this section made it the duty of "an administrator, * * * trustee, or other person having the property of any decedent, infant, idiot, or insane person in charge, to pay the taxes due upon the property of such decedent, ward, or party." Then it was taxes upon the property of the ward or party, that is, property belonging to the administrator as such, or to the ward or party, that this section requires the administrator, executor, guardian, receiver, trustee, etc., to pay. Treating the administrator here as a trustee to collect and pay over to Josephine White the interest or income on the $3,000—yet it is not taxes on that income that is in controversy in this suit, but it is taxes levied and assessed on the principal, the $3,000, loaned on mortgage security by the administrator, under the directions of the testator in his will— the question, then, arises under this statute, to whom does this $3,000 belong? If to Josephine White, then this statute required the administrator "to pay the taxes out of the assets in his hands belonging to her." We must consult the will to determine to whom the $3,000 belongs.

The same item of the will which vests the interest of this $3,000 in Josephine White during her life provides that "at her death said $3,000, with any interest not due or paid over to her, shall *remain* in my estate for distribution, as hereinafter stated." In item four it is also stated that "said $3,000 shall be distributed as a part of my estate." So that the scheme of the will retains the $3,000 as a part of the estate of the testator, falling into the residuum for final distribution. The title to this $3,000, therefore, by the terms of the will, vests in the administrator as such, and does not vest in Josephine White. We,

therefore, conclude that the taxes here in question "were not due upon the property of Josephine White," but were due upon the property belonging to the estate of the testator, and, therefore, this statute made it the duty of the "administrator to pay such taxes out of the assets in his hands belonging to the estate of said decedent."

It follows that, inasmuch as there was no direction in the will concerning the payment of these taxes, and as the payment of taxes is a duty wholly of statutory creation, the burden thereof must rest where the Legislature has placed it, whatever the rule might be in the absence of any specific direction in the will or by statute.

In the case of *Spangler* v. *York County, supra,* the Supreme Court of Pennsylvania placed much stress upon the fact that the tax law of that State, as well as the will, were both silent as to who should pay the tax. Speaking of the statute that court said:

"It taxes the fund, but does not expressly say who shall pay the assessment. * * * Where the law levying the impost employs no distinct language on the subject, the present beneficiary is liable by inevitable implication, if the law contains nothing repugnant to such liability. * * * All our tax laws, without exception, so far as I am informed, recognize the personal amenability of the immediate beneficiary; and I think it is particularly observable in the act of 1846. Under prior statutes, money invested for the use of one not the owner of the fund, would seem, as already intimated, not be subject to taxation; and it is only made so, by the last act, in reference to, and connection with, the interest accruing on it."

This is one of the main cases relied on by appellant.

In *Holcombe* v. *Holcombe,* 2 Stew. (N. J. Eq.) 597, another one of the main cases relied on by appellant, the Court of Errors and Appeals, of New Jersey, said:

"The law is express that the whole fund must be assessed in their (executors') hands; it can not escape; but it is

silent as to the way in which the tax shall be paid—whether out of the fund itself, or out of the annual interest. In the absence of statutory direction, this question must be settled upon general principles."

The court goes on then to liken it to a tenant for life of land whose duty it is to pay taxes and rates, arriving at the conclusion that the same rule should be applied to an investment by an executor under the direction of a will, for the benefit of another for life. It is obvious these cases, whether right or wrong in the general principle announced by them, can have no controlling influence in the decision of this case, because our statute differs so widely from those* involved there. *Stone* v. *Littlefield, supra,* is not reported fully enough to determine whether it is in point or not. On the other hand, the general rule has been adopted by some of the States, and in England, that the income in a case of this kind can not be applied to the payment of taxes and expenses. It was said by the Supreme Court of Vermont, in a case very much like this, that "we think it was very clear that it was the intention of the testator, by the provision for his wife above quoted in full, to give her the whole of the interest and income of the $6,000 during her life for her support, without deduction for taxes or expenses. The language of the provision imports this, and such construction is strongly aided by the other provisions alluded to, and by the circumstances of his estate and condition."

The language of the will in that case was as follows: "I also give and bequeath to my said wife the whole interest and income of $6,000 to be paid to her each and every year during her life, the first payment to be made at the close of one year after my decease, and so on annually thereafter as long as she shall live." *In re Cushing's Will,* 58 Vt. 393.

And in another case where the bequest was to a daughter, consisting of "the interest of $50,000, from the

time of my decease, during her natural life, and at her decease the principal to be divided equally among her children," the Supreme Court of Massachusetts said:

"We are of opinion that in providing for this daughter the testator intended to give her a legacy consisting of an annual sum during her life, and to give to her children a legacy of fifty thousand dollars, payable on the death of their mother, and these bequests were absolute and not dependent on any contingency. The statute requires that the tax be imposed on the ' capital or principal sum,' and not upon any annual or other income. Now we think there was no ' *capital or principal sum* ' owned legally or equitably, or held in trust or otherwise for the plaintiff or his wife. * * * It has been strenuously contended by the defendants' counsel, that unless the plaintiff is liable for this tax, there will be a large amount of property not subject to taxation. And as it is the intention of the Legislature to tax all *property*, we have been urged to give this tax act such a construction as will include this particular fund. * * * This argument is founded on the assumption that there is a distinct sum set apart for a specific purpose, and which can be taxed to no person but the plaintiff. But we think the assumption is not supported, and that this fund is as much liable to taxation as any other property in the hands of the executor."

The court held the income not liable for the taxes. *Swett* v. *City of Boston*, 18 Pick. 123.

In a late English case, " a testator, by will, gave his residuary personal estate and effects to trustees, upon trust, to convert the same and invest the proceeds of sale as therein mentioned, with power in their absolute discretion to retain any existing securities or property, at the time of his death unconverted, for such period as they should think fit; and declared that his trustees should stand possessed of the ' securities for the time constituting or representing the residuary personal estate and effects hereinbefore be-

queathed, and the income thereof,' in trust, to pay the income to certain tenants for life, with remainders over. At the testator's death, part of his personal estate consisted of American railroad bonds, repayable at par at a fixed date, but bearing a high rate of interest, and commanding a considerable premium in the market. These were not authorized investments by the investment clause, but had been retained unconverted by the trustees under the power to retain existing securities. Held, that the tenants for life were entitled to the net income of the unconverted property." *Wood* v. *Thomas*, (1891), 3 Chancery, 482.

We are inclined to adopt the line of authorities last above quoted as applied to the facts of the case now before us. There is still another reason why the taxes or expenses in question can not be paid out of the interest or income, and that is grounded on the language of the will independent of the tax law in force when this action was brought. That language is: "Said interest to be paid over to my said sister Josephine as soon as collected, to be used and enjoyed by her as her absolute property."

Every word in a will ought to be given some meaning, and that meaning ought to be the common and ordinary meaning of the word. *State, ex rel.*, v. *Joyce*, 48 Ind. 310.

The word absolute is defined by Webster to mean, 1st, loosed from any limitation or condition; uncontrolled; unrestricted; unconditional. 2. Complete in itself; perfect; consummate; faultless. Then the testator has said that said interest shall be her property to enjoy unconditionally, perfectly, unrestrictedly, loosed from any limitation or condition whatever. It must be conceded that no one can own property so perfectly and unconditionally as to free the same from the payment of taxes assessed thereon. And the fact that property is subject to taxation and liable to be sold away from the owner to pay such taxes as are levied and assessed thereon does not make the title of the owner any less absolute, perfect, unconditional,

or unrestricted; but if one's property is made subject to the payment of taxes levied and assessed on some other person's property, that would make such a one's title to his property imperfect, conditional, subject to a limitation and restriction, incomplete, faulty, not absolute and not consummate. And that is the condition to which appellant's contention would subject Josephine White's title to the bequest in her brother's will. The contention is that it is liable for the payment of taxes not upon itself, but upon property from which it springs, and belonging to somebody else.

Independently of the statute, we think it quite clear that the legal effect of the language employed in the will is to vest the title to the interest on the $3,000 in the legatee Josephine White so completely and perfectly as to leave it free from the burden of paying the taxes levied and assessed on the $3,000 or the expenses of managing said principal sum. It follows that the Circuit Court did not err in its conclusions of law.

But, under the facts in this case, we apply this doctrine, and do not wish to be understood as deciding what should be the rule if the estate were closed, and a special trustee were in charge of the fund.

The judgment is affirmed.

Filed February 17, 1893.