### CRATER v. RYAN.

(Filed June 10, 1902.)

WILLS—*Legacies—Trusts—Life Estates.*

> Where a testator provides that property may be sold and the interest therefrom shall be paid to a certain person, the taxes on the money should be paid by his personal representative out of funds in his hands, and not out of the income from the money.

ACTION by R. J. Crater, administrator d. b. n. c. t. a. of John Crater, against C. S. Ryan, administrator of A. A. Crater, heard by Judge *H. R. Starbuck,* at December Term, 1901, of the Superior Court of FORSYTH County.    From a judgment for the plaintiff, the defendant appealed.

*J. S. Grogan,* for the plaintiff.
*Mast & Griffith,* for the defendant.

COOK, J.    In his will plaintiff's testator devises and bequeaths his property as follows:    "I give, devise and bequeath

unto my beloved wife, Catherine Crater, all of my real estate, personal property, except the mill, and the mill may be sold and the interest of the money she may have of the mill, and all of my other property I will to my wife, Catherine Crater, as long as she lives, and after her death that all shall be sold and then go to her heirs." * * * His executor, A. A. Crater, sold the mill for $1,550 and loaned the fund, listing it for taxation in his name as executor, and paid the interest accruing thereon to the said Catherine, and paid the taxes thereon out of the principal fund. Catherine is now dead, and the administrator *de bonis non cum testamento annexo* of John Crater, the testator, contends in this action that the administrator of A. A. Crater (the executor) is accountable for the full amount of the fund, to-wit, $1,550, while defendant contends that his intestate properly paid the interest to the legatee, and the taxes out of the fund, and that he is only accountable for the amount less taxes paid upon it; and this is the question raised by the exception of the defendant to his Honor's ruling and judgment upon the referee's report; or, in other words, should the executor have paid the taxes upon the "mill fund" out of the interest, and paid the residue of interest to Catherine, or should he have paid her *all* of the interest, and paid the taxes out of a part of the principal fund ?

From the language used by the testator in his will, we think it clearly appears that he intended that his wife should have the interest—the entire interest—upon the fund to be realized from the sale of the mill. He gave her his real and personal property "as long as she lives" with remainder over, etc., excepting the mill, creating from it a special fund which became a subject of taxation in the hands of his executor, separate and apart from the other part of his estate, upon which he knew taxes would be assessed and would have to be paid. Had he desired her to bear the expenses incidental to the trust, including taxes, he would not have said that she may

have the interest; or, if the taxes must be paid out of the interest, then she would get only a part of it, which does not seem to have been intended by him.

We fail to find in our own Reports any decision which will aid us in this case, but the learned counsel for defendant has cited us to *Wilson v. White,* 133 Ind., 614, 19 L. R. A., 581, which is very similar to this case, wherein the Court held that no taxes or expenses of the trust should be charged against the income of a certain fund given to a legatee for life—the language in the will being, "It is my will and I hereby direct my executor, as soon after the payment of debts and funeral expenses as three thousand dollars may be realized from my estate, to loan said sum of three thousand dollars for the benefit of my sister, Josephine, during her natural life * * * said interest to be paid over to my said sister, Josephine, as soon as collected, to be used and enjoyed by her as her absolute property." There, it was held that the taxes should be paid out of other assets in the hands of the administrator. But in the case at bar, no other assets remained in the hands of the executor, nor under his control, from which he could obtain money to pay the taxes. The personal and real estate belonged to the life tenant and bore its burden of taxation in her hands. The testator did not intend that the "mill fund" should be paid over to her, but he did intend that she should have the interest upon it in the event the fund should be created and any interest accrued. It was not made imperative by the express terms of the will that the mill should be sold, nor was any direction given as to loaning the fund, as was done in the case of *Wilson v. White, supra;* but the fund being created, it necessarily became subject to taxation, for which it would be liable, whether it bore interest or not, and if it bore none, then the principal would be liable for it. But, as it was loaned, then the interest was properly paid, as directed by the testator, to his widow, Catherine.

The amount of taxes paid out of the principal should have been credited to the account of the defendant, and in ruling to the contrary there was

Error.