BECKMAN ET AL. *v.* BECKMAN STATE BANK OF FERDINAND.

[No. 10,271. Filed March 19, 1920.]

1. PLEADING.—*Amendment After Close of Issues.*—*Discretion of Court.*—Under §403 Burns 1914, §394 R. S. 1881, all amendments to pleadings after issues are closed must be by leave of court, and whether a party shall be permitted to amend his pleadings after the close of the issues rests largely in the court's discretion. p. 113.

2. PLEADING.—*General Denial.*—*Refusal to Permit Amendment Pending Trial.*—Where, in an action on a promissory note, defendants on the day of trial made a motion for leave to amend their answer, which was a general denial, by having it verified, but at no time made any showing as to why the amendment was necessary, or in what manner their rights would be prejudiced if the motion should be denied, there was no error in overruling the motion. p. 113.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by the Beckman State Bank of Ferdinand against J. Herman Beckman and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Leo H. Fisher,* for appellants.
*John E. McHall* and *Horace M. Kean,* for appellee.

REMY, P. J.—Action by appellee against appellants on a promissory note. On the day the cause was set for trial, and before the trial was commenced, appellants verbally moved the court for leave to amend their single paragraph of answer, which was a general denial, by having the same verified. The motion was overruled, and a trial by the court resulted in a judgment for appellee. The only error assigned and presented is the

action of the court in overruling appellants' motion for leave to amend their answer.

All amendments to pleadings after issues are closed must be by leave of court (§403 Burns 1914, §394 R. S. 1881); and whether a party shall be permitted 1. to amend his pleadings after the close of the issues rests largely in the court's discretion. *Sayers* v. *First Nat. Bank, etc.* (1883), 89 Ind. 230; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 32 N. E. 738, 33 N. E. 361.

We learn from appellants' brief that it was their desire to have their answer in denial verified so that it would serve as a plea of *non est factum;* but the 2. record does not disclose that appellants at the time they presented their motion, or at any time, made any showing whatever as to why the amendment was necessary, or in what manner appellants' rights would be prejudiced if the motion should be denied. Under such circumstances, there was no error in the action of the court in overruling appellants' motion for leave to amend their answer. *Burr* v. *Mendenhall* (1875), 49 Ind. 496; *Citizens State Bank* v. *Adams* (1883), 91 Ind. 280, 287.    Judgment affirmed.