WILLIS ET AL. *v.* AMERICAN ELEVATOR AND MACHINE COMPANY.

[No. 11,339.    Filed October 26, 1922.]

1.   APPEAL.— *Briefs.— Presenting Questions for Review.— Sufficiency of Evidence.*—Where appellant's brief fails to show that any time was given within which to file a bill of exceptions containing the evidence, or that any bill of exceptions containing the evidence was presented, allowed or filed, no question as to the sufficiency of the evidence is presented for review on appeal.    p. 628.

2.   PLEADING.—*Filing Amended Complaint.—Effect.*—Where an amended complaint is filed, the original complaint goes out of the case for all purposes.    p. 629.

3.   APPEAL.— *Questions Presented.— Sufficiency of Evidence.— Failure to Incorporate Complaint in Record. —* Where the amended complaint, together with its exhibits, were not made

part of the record, no question is presented for review on appeal as to the sufficiency of the evidence to support the complaint. p. 629.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the American Elevator and Machine Company against T. Frank Willis and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Kessinger & Hill* and *James M. House,* for appellants.

*William A. Cullop* and *Lindley & Bedwell,* for appellee.

NICHOLS, P. J.—This is an action by appellee against appellants upon a contractor's bond executed by appellants to the owner of the building constructed, to recover for material furnished for such building.

There was a judgment against appellants for $892.62, from which appellants prosecute this appeal, assigning as error the court's action in overruling their motion for a new trial.

The only question which appellants undertake to present pertains to the sufficiency of the evidence to sustain the finding of the court; but it does not appear by appellants' brief that any time was given within which to file the bill of exceptions containing the evidence, or that any bill of exceptions containing the evidence was ever presented, allowed or filed. It has been expressly held by this court that, "where the exceptions or errors relied upon for reversal require a consideration of the evidence it is absolutely essential that the brief show that a bill of exceptions containing the evidence was filed and such brief must also contain a concise recital of the evidence referring to the pages and lines where the evidence may be found." *Clemens* v. *Stoner, Exr.* (1920), 73 Ind. App. 370, 126 N. E. 486, 488.

But even if it be conceded that the bill of exceptions containing the evidence is in the record, still appellants are not helped thereby. The complaint set forth 2, 3. in their brief is the original complaint filed in the action. But the record shows that during the trial of the cause, and before appellee rested, by leave of court, it filed an amended complaint. Appellants have wholly failed to set out the amended complaint or the substance thereof, and have made no reference to it whatever in their brief. It is so well established that the amended complaint takes the place of the original which goes out of the case for all purposes that we do not need to cite authorities, but see 1 Watson, Revision Work's Practice §794. Appellee has called attention to these defects in appellants' brief, but no attempt has been made to amend the same. As the original complaint, together with its exhibits, is out of the record, and as appellants have failed to set out the amended complaint together with its exhibits, and as appellants rely upon their challenge of the evidence to support the theory of the complaint, they have failed to present any question for our consideration. The judgment is therefore affirmed.