GMIL *v.* GREENSPAN.

[No. 15,010.   Filed February 15, 1935.]

*T. Ernest Maholm,* for appellant.

*James A. Collins, A. J. Rucker, George B. Staff,* and *David M. Lewis,* for appellee.

CURTIS, J.—This appeal grows out of an action and

proceedings supplementary to execution. In cause number A-61801 of the Marion Superior Court the appellee recovered a judgment for $2500.00 against the appellant for personal injuries. An execution thereon was issued to the Sheriff of Marion County and is unsatisfied. These proceedings supplementary to execution followed. The amended complaint in the supplementary proceedings was in four paragraphs and sought to have a deed to certain real estate executed by the appellant to a third person, one Mike Kazzell, at about the time of the rendition of the original judgment set aside and said property subjected to said execution, said third person having also conveyed said real estate to one Eva Wacked as trustee for the three infant children of the appellant. Both Kazzell and Wached as trustee and the three infants were made defendants along with the appellant and his wife. After various motions and pleadings the details of which we deem not necessary to state, the matter was submitted to a jury for trial. At the close of the appellee's evidence the appellant moved the court for peremptory instruction in his favor. The appellee then made a similar request for such an instruction in his favor. The court denied the motion of the appellant for a peremptory instruction and sustained the appellee's said motion and instructed the jury in writing to return a verdict in favor of the appellee which was accordingly done and a judgment was rendered thereon for the appellee setting aside said conveyances of said real estate. After the ruling of the court on said motions for a directed verdict the appellant requested permission to withdraw his said request which was denied by the court. The appellant seasonably filed a motion for a new trial which was overruled with an exception to the appellant and this appeal perfected, assigning as one of the errors relied upon for reversal the ruling on the said motion. The

appeal is a term time appeal. Said motion for a new trial is as follows:

"1. The court erred in overruling defendant's motion to strike out plaintiff's amended complaint.

"2. The court erred in denying the petition of defendants to remove said cause to the District Court of the United States, for the Southern District of Indiana, Indianapolis Division, after the court had accepted and approved defendant's bond to remove said cause.

"3. The court erred in sustaining plaintiff's demurrer to defendant's answer of plea in abatement.

"4. The court erred in overruling defendant's affidavit and motion for continuance of said cause for a sufficient length of time to enable defendants to prepare and file answer to plaintiff's amended complaint and to be personally present.

"5. The court erred in overruling defendant's demurrer to plaintiff's amended complaint.

"6. The court erred in admitting in evidence over objection of defendant, plaintiff's exhibit No. 4.

"7. The court erred in admitting in evidence over defendant's objection plaintiff's exhibit No. 5.

"8. The court erred in overruling defendant's motion to withdraw his previous motion for peremptory instruction to the jury to return a verdict in favor of defendants.

"9. The court erred in instructing the jury to retire and return a verdict in favor of plaintiff.

"10. That the verdict of the jury is not sustained by sufficient evidence.

"11. That the verdict of the jury is contrary to law.

"12. That the verdict of the jury is contrary to law and the evidence."

It is to be noted that several of the causes for a new trial stated in the motion are not proper causes or grounds of a motion for a new trial. Numbers 1, 2,

3, 4, 5 and 9 of the motion are also independently assigned.

The appellee has filed a motion to dismiss this appeal based upon alleged insufficiency of parties and of notice. Under the statutes governing a term time appeal and as to co-parties in such an appeal the motion is not well founded and is now overruled.

There is no condensed recital of the evidence in the appellant's brief and indeed no evidence is brought before us. The questions therefore that depend for their determination upon the evidence are therefore not presented. In the appellant's brief under the heading of Points and Authorities, there are seven propositions laid down as naked abstract statements of the law with authorities cited in support thereof but with no application made to any error relied upon for reversal. Many of the statements of law are substantially correct but either have no application to the errors assigned or have not been shown by the appellant to have any such application. We illustrate the point we wish to make by quoting from the appellant's brief his first proposition as follows: "The court erred in overruling motion of appellant to strike out plaintiff's amended complaint. 'All amendments to pleadings after issues are closed, must be by leave of court, according to this section, and rests in the court's discretion.' *Beckman* v. *Beckman's State Bank,* 73 Ind. App. 112, 126 N. E. 486; *Indpls. R. Co.* v. *Center Twp.,* 143 Ind. 63, 40 N. E. 134." It is to be noted that there is no attempt made to show any abuse of the discretion of the lower court and no specific·application made to the error to which it relates. If it has an application to the instant case the appellant has left it to this court to find it. The court cannot perform this work for the attorneys. The other propositions are similarly treated with the possible exception of one of

them. This is not a substantial compliance with the rules of court for the preparation of a brief. No questions for review are thereby presented. See *Gray et al.* v. *McLaughlin et al.* (1921), 191 Ind. 190, 131 N. E. 518; *State of Indiana, ex rel. Heflin et al.* v. *Hinds, etc.* (1929), 200 Ind. 613, 616, 165 N. E. 754. The authorities upon this question are numerous. We quote from the last mentioned case as follows: "The propositions of law which pertain to the point of alleged error sought to be presented must be applied specifically to the errors to which they relate. This is an indispensable duty of the attorneys of parties to appealed cases, to the end that 'justice shall be administered . . . speedily and without delay.' The rule is neither harsh nor arbitrary."

The amended complaint was in four paragraphs. The demurrer was addressed to it as a whole. We have examined the said amended complaint testing it by the demurrer addressed to it. To say the least there was one paragraph of it good. There was no error in the ruling on the demurrer. No reversible error having been shown the judgment is affirmed.