AMERICAN MUTUAL LIABILITY INSURANCE COMPANY
OF BOSTON *v.* KOCH ET AL.

[No. 15,576. Filed October 14, 1937. Rehearing denied
January 27, 1938. Transfer denied March 22, 1938.]

*James L. Murray* and *Louis L. Roberts,* for appellant.

*Isidor Kahn* and *Meyer, Fine & Bamberger,* for appellees.

KIME, J.—This is an appeal from a judgment entered against appellant in the sum of $5,024.66 on a jury's verdict in a cause of action based upon a policy of insurance issued by the appellant, indemnifying the appellees against liability under the Workmen's Compensation Law of Indiana, the appellees having theretofore become liable for the payment of compensation awarded by the Industrial Board on account of the death of an employee.

The specifications of the appellant's assignment of error relied on for reversal are that: (1) the trial court erred in overruling appellant's motion for a new trial; (2) the trial court erred in overruling appellant's motion to make the second paragraph of appellees' com-

plaint more specific; and (3) the trial court erred in overruling appellant's demurrer to the second paragraph of appellees' complaint.

In its brief, under the heading of "Points and Authorities," appellant has failed to comply with Rule 21, Point 6, of the Supreme and Appellate Courts in that it does not set out *"a copy of each assigned error relied on stating its number as designated in the original assignment of error."* Appellant has set out under said heading abstract statements of law with citations without connecting such statements and citations to any assignment of error relied on for reversal. This rule further specifically provides that *"assigned errors not treated as herein directed shall be deemed as waived"* and so long as this rule stands we are bound thereby and attorneys, in the preparation of briefs, must also be so bound. The holding, therefore, must be that this brief presents no question. Rule 21, Point 6, *supra; Gmil* v. *Greenspan* (1935), 100 Ind. App. 12, 193 N. E. 920; *Bohannon* v. *Morris* (1937), 103 Ind. App. 552, 7 N. E. (2d) 510; *Jones* v. *Moise* (1937), 104 Ind. App. 390, 8 N. E. (2d) 99.

The judgment of the Vanderburgh Probate Court is, therefore, in all things affirmed.