CALUMET LUMBER COMPANY *v.* PEARSON, RECEIVER, ET AL.

[No. 16,109.   Filed January 22, 1940.]

*Joseph A. Meade, Glenn D. Peters,* and *(Bomberger, Peters & Morthland,* of counsel) for appellant.

*Kenneth Call,* and *E. J. Call,* for appellee.

DUDINE, J.—This is an action instituted by Wilford W. Pearson, as receiver of and for Peoples National Bank and Trust Company of Chicago, Illinois, upon a written guaranty of a certain promissory note which guaranty was purportedly executed by appellant.

The issues were formed by a complaint in one paragraph, which set out the note and the written guaranty, and an answer in two paragraphs. The first paragraph of answer was a general denial and the second paragraph alleged, among other facts, that appellant ''did not endorse and guarantee the payment of said note; that the records of the said corporation (appellant) show that no such officer or agent of said corporation was authorized to endorse or guarantee the payment of said note.'' Neither of said paragraphs of answer was verified.

The cause was submitted to a jury for trial on June 15, 1936. After some evidence was presented the cause was withdrawn from the jury and jury trial was waived, all by agreement of parties, and the cause was continued until June 30, 1936 for trial by the court.

The record further shows that ''on the 15th day of June, (the date when said cause was submitted to the jury for trial as aforesaid) . . . now comes the de-

fendant, Calumet Lumber Company, and tenders and asks leave to file third paragraph of answer in *non est factum"*; that appellee objected to the tender and filing of such answer and that the court sustained said objections and refused to permit the filing of such answer. The record does not show whether said tender was made before or after the trial began.

The record further shows that on June 30, 1936 the cause was submitted to the court for trial without a jury and that after some of the evidence was presented appellant "... renews its tender of a verified answer of general denial ...''; that appellee then and there objected to such tender and to the filing of such answer and the court sustained the objections and refused to permit the filing of such answer.

The court having heard all of the evidence found for appellee (plaintiff below) that he recover from appellant on the guaranty and the court rendered judgment accordingly.

The errors assigned upon appeal and discussed in appellant's brief are contended errors in refusing the tender, by appellant, of its answer of *non est factum* and in refusing to permit appellant to file the same on June 15, 1936, and the similar ruling of the court on *"July 2, 1936"*.

It is sufficient to say with reference to the contended error of the court in making such rulings on *July 2, 1936* that the record does not show that such ruling was made on said date.

"The granting of leave to amend pleadings or to file additional pleadings after the issues are closed and on trial is within the sound legal discretion of the court, and in the absence of a showing that there has been an abuse of discretion to the prejudice of the rights of the party objecting, it will

be presumed that the court did not err." *Frankfort, etc. Insurance Company.* v. *Lafayette Telephone Company* (1923), 79 Ind. App. 663, 127 N. E. 832, 129 N. E. 329. See also to the same general effect *Beckman et al.* v. *Beckman State Bank of Ferdinand* (1920), 73 Ind. App. 112, 126 N. E. 486 and cases cited in *Frankfort, etc. Insurance Company* v. *Lafayette Telephone Company* supra.

Said rule of law also applies to the granting of leave to amend pleadings or to file additional pleadings before the commencement of the trial where the additional pleadings sought to be filed make new issues or add new causes of action or new grounds of defense. *Burr* v. *Mendenhall* (1875), 49 Ind. 496.

In the instant case there was no showing made before the trial court that the refusal by the court to permit said plea of *non est factum* to be filed would prejudice the rights of appellant; and there has been no showing made in this court that the trial court abused its discretion in said rulings. In the absence of such showing it will be presumed that the trial court did not err.

It should be noted that appellant's first and second paragraphs of answer were filed on December 16, 1935; that appellant did not tender said plea of *non est factum* until June 15, 1936, the date on which the cause was assigned for trial by jury; that on that date the trial of the cause was continued until June 30, 1936; and that appellant did not renew the tender of said plea of *non est factum* until after the trial had begun on June 30, 1936. Having in mind the ample opportunity which appellant had to file such plea before the first trial date, and the further ample opportunity to renew the tender of such plea before the second trial date, so as to give appellee reasonable

notice of the burden of proof which would be imposed upon appellee by the filing of such plea of non est factum, and having in mind the fact that appellant offered no excuses for the delay in making such tender, we find no basis whatever in the record for a decision by us that the court erred in said rulings.

No reversible error having been shown, the judgment is affirmed.