Robinson v. Thrailkill et al.

---

## No. 12,457.

## ROBINSON v. THRAILKILL ET AL.

EASEMENT.—*Interest in Land.*—*Parol Contract.*—*Statute of Frauds.*—*Part Performance.*—An easement is an interest in land, and a parol contract creating it is void under the statute of frauds, unless such a part performance is shown as to take it out of the statute.

SAME. — *Possession.* — *Continuous User.* — Where immediate possession is taken and there is a continuous user, the contract is taken out of the statute.

SAME.—*License.*—*Consideration.*—*Revocation.*—Where possession of a right of way over the land of another is taken under a license founded on a consideration, such license can not be revoked.

SAME.—*Married Woman.*—*Defence of Coverture.*—*Notice.*—An easement in the land of a married woman may be acquired without a deed; but if it were otherwise, a purchaser of the land, who takes with notice of an existing easement, can not avail himself of the coverture of his grantor to defeat it.

SAME. —*Possession.*—*Notice to Purchaser.*—Possession of an easement is sufficient to put a purchaser of the land upon inquiry, and means of knowledge is equivalent to knowledge.

SAME.—*Passes With Grant of Land.*—An easement passes with a grant of the land to which it is appurtenant, and is a burden upon the servient estate in the hands of subsequent owners.

From the Howard Circuit Court.

*J. W. Cooper, B. F. Harness* and *C. N. Pollard,* for appellant.
*J. C. Blacklidge, W. E. Blacklidge, B. C. H. Moon, M. Bell,*
and *W. C. Purdum,* for appellees.

ELLIOTT, C. J.—The appellees claim to be the owners of
a private right of way over the land of the appellant, and
they base their claim chiefly on a parol contract made by the
grantor of the appellees with the grantor of the appellant.

The appellant's counsel are right in asserting that an ease-
ment is an interest in land, and that a contract creating such
an interest is within the statute of frauds. *Richter* v. *Irwin,*
28 Ind. 26; *Brumfield* v. *Carson,* 33 Ind. 94 (5 Am. R. 184);
*Davidson* v. *Nicholson,* 59 Ind. 411; Browne Statute of
Frauds, section 232.

If the claim of the appellees rested solely on the words of
a parol contract, there would be much more difficulty in the
case; but it does not rest on the contract alone, for there was
possession and user of the way. The complaint avers that
the appellees' grantor, "immediately after the purchase of the
said road, took possession and continuously used said road
until he sold the said real estate to the plaintiffs, and that from
the time of the purchase of said road the same was continu-
ously used and occupied by all the owners of said land." We
think there is shown such a part performance as takes the
case out of the statute.

The contract is founded on a consideration, and rights have
been acquired on the faith of it, so that, even if it should be
regarded as a mere license, it must be deemed irrevocable, for
a license founded on a consideration, when possession has been
taken under it, can not be revoked. *Parish* v. *Kaspare,* 109
Ind. 586; *Burrow* v. *Terre Haute, etc., R. R. Co.,* 107 Ind.
432, and cases cited; *Rogers* v. *Cox,* 96 Ind. 157 (49 Am. R.
152); *Simons* v. *Morehouse,* 88 Ind. 391; *Nowlin* v. *Whipple,*
79 Ind. 481; *Snowden* v. *Wilas,* 19 Ind. 10.

But the interest described in the complaint is more than a
mere license, for the complaint avers that the road was pur-

chased, and a purchase of a road vests in the purchaser an easement in the land. The appellees are, therefore, not mere licensees, but they are the owners of a dominant estate in the land of the appellant.

An easement in the lands of a married woman may be acquired without a deed. *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200 (51 Am. R. 749). This was so held under the law as it stood before the act of 1881, and there can be no doubt that under the provisions of that act she may vest an easement without executing a formal deed. *Ward* v. *Berkshire L. Ins. Co.*, 108 Ind. 301; *Cupp* v. *Campbell*, 103 Ind. 213.

But we do not think it necessary to rest our decision on that principle, for there is a plainer reason for adjudging the complaint sufficient; that reason is this: Mrs. Adams, the grantor of the appellant, sold the land to him, and is not insisting upon the defence of coverture, and as coverture is a personal defence, the appellant, having bought with notice of the existing easement, can not avail himself of the coverture of his grantor.

The complaint shows that the road purchased by the grantor of the appellees was "in almost constant use," and this user was notice to the appellant. It is a familiar rule that possession is sufficient to put a purchaser upon inquiry, and that means of knowledge is equivalent to knowledge. *Randall* v. *Silverthorn*, 4 Pa. St. 173.

As said by GIBSON, C. J., in the case cited, in speaking of an easement and the duty of a purchaser: "It was the business of the purchaser, therefore, to demand of him the reason of it, and the basis on which it was founded. Had he done so, the mystery would have been cleared up; but, as he did not, he was a purchaser in his own wrong, and must suffer for his supineness." This principle is recognized by this court in *Shirk* v. *Board, etc.*, 106 Ind. 573.

The trial court did not err in instructing the jury, that if there was a parol contract under which possession was taken,

and a continued user, the appellant took the land charged with the burden of the easement. What we have said in discussing the complaint proves the correctness of the instruction, and we need only add that the easement passed with the grant of the land to which it was appurtenant, and was a burden upon the servient estate in the hands of subsequent owners. *Ross* v. *Thompson,* 78 Ind. 90.

We have examined the evidence and find that the case made by it is even stronger than that made by the complaint.

Judgment affirmed.

Filed March 11, 1887.