Filed March 11, 1887.

---

No. 11,393.

TOWLE v. THE STATE, EX REL. SHOENAMAN ET AL.

PARTIES.—*Practice.*—*Application to be Made Party Defendant.*—*Division of Township.*—In an action by the trustee of a new township, created by the division of a civil township, for a writ of mandate against the county auditor to compel an equitable division and apportionment of the various funds belonging to the original township at the time of the division, it is not error to deny the application of the trustee of the latter to be made a party defendant to the proceeding, he showing no substantial interest in the controversy.

From the Lake Circuit Court.

*J. B. Peterson*, for appellant.

*J. W. Youche, A. L. Jones* and *F. P. Jones*, for appellees.

NIBLACK, J.—The controversy in this case arose out of the division of a civil township. The board of commissioners o.˙ Lake county, in this State, at their March term, 1883, made an order which practically divided North township of that county into two principal parts, considered both with reference to territory and population. One of these parts, with some small additions from other townships, was, at the

same time, transformed into a new township, to be and as since called Calumet township, the remaining part continuing to be designated and known as North township.

On the second Monday of the succeeding June, Shoenaman, who had, in the mean time, become trustee of Calumet township, demanded of Brown, who was at the time auditor of the county, that he should issue to him a warrant on the county treasurer for a proportionate amount of the different funds which had accumulated during the preceding year from taxes assessed in the name, and for the use, of North township, and Brown declining to issue such a warrant, this suit, which was an application, on the relation of Shoenaman, for an alternative writ of mandate against Brown as such auditor, was commenced.

After an alternative writ of mandate against Brown had been ordered, Towle, the appellant, being then trustee of North township, applied to be admitted as a party defendant to the proceeding, claiming that, upon the facts stated in his petition, North township continued to own, and was, therefore, entitled to the exclusive use of, the entire amount of the several funds of which Shoenaman was seeking to recover, on behalf of Calumet township, a proportionate part.

As to the facts so relied upon by Towle, see the case of *Towle* v. *Brown, ante,* p. 65.

The circuit court overruled Towle's application to be admitted as a party defendant, upon which an exception was reserved.

Subsequent proceedings resulted in making the writ of mandate peremptory, and in a judgment ordering Brown to issue his warrants on the county treasurer for estimated proportionate amounts of the respective funds in litigation, having reference to the taxable property, and the number of persons charged with a poll tax within the then territorial limits of North township, and to the relative taxable property, and the number of persons charged with a poll tax, within the

territory taken from North township and then constituting·
the greater part of Calumet township.

Towle alone appeals, and assigns errors upon the decision
of the circuit court ·n overruling his application to be made a
party defendant to the proceedings below.

Considering the facts stated in Towle's petition in the light
of the construction placed upon substantially the same facts,
in the case of *Towle* v. *Brown, supra,* North township had no
equitable claim to, and hence no interest in, the several sums·
of money for which Shoenaman was seeking to have warrants
issued in his favor for the use of his township.   Towle's pe-
tition, consequently, did not present a state of facts entitling
him to be admitted as a party to this suit.   R. S. 1881, sec-·
tion 272.

The judgment is affirmed, with costs.

Filed March 16, 1887.