## Chicago & Eastern Illinois Railroad Company *v.* Syster.

### [No. 4,486.    Filed January 14, 1904.]

New Trial.—*Newly Discovered Evidence.*—A new trial on account of newly discovered evidence, under §568 Burns 1901, should have been granted upon an affidavit in which it was shown that if the witness had testified a different result might have resulted, and that the witness denied knowledge of the case until after the trial.

From Clay Circuit Court; *P. O. Colliver,* Judge.

Action by John F. Syster against Chicago & Eastern Illinois Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*G. A. Knight,* for appellant.
*S. D. Coffey* and *S. M. McGregor,* for appellee.

Roby, J.—This. action was brought by appellee to recover damages averred to have been sustained by him in leaving a train of cars about to collide with another train. It was conceded at the trial that if appellee was then injured, appellant was liable. This issue of fact was litigated.

Appellee was suffering at the time of the trial from a rupture. The collision occurred March 5, 1901. In September, 1900, he got the employment of mine boss in which he was engaged at the time of the collision, and in July, 1901, took service on a street car, which continued until September, 1901, when he secured employment as a

brakeman at Mattoon, Illinois.   He testified that he jumped from a car and felt a burning sensation in his groin; that he immediately thereafter went out to flag a train; that about three weeks or a month later he discovered a knot in his groin.   In May, 1901, he went to see a doctor, who told him he was ruptured, and prescribed a truss.   His complaint was filed May 17, 1901.   There was testimony to the effect that he made complaint to various persons at various times.   There was also testimony to the effect that he had stated to a number of persons that he was not hurt at the collision.   On his direct examination he testified that he never received any other injury in the region named than the one designated.   There was much other testimony, but enough has been stated to indicate that the fact in dispute was involved in uncertainty.

A verdict was returned for $1,100.   Motion for a new trial overruled, and judgment on verdict.   The only error assigned is that the court erred in overruling such motion.

The ground for a new trial, stated, was on account of newly discovered evidence, to wit, that of one William Ball, whose affidavit is brought into the record, with others, by a bill of exceptions.   The substance of Ball's affidavit is that for three years before the collision heretofore referred to, and for about a year thereafter, he worked with appellee, and was brought into continuous association with him each working day; that plaintiff prided himself on his skill in wrestling, and about three months prior to the date of said collision "engaged in a friendly trial of skill" with affiant, occupying three or four minutes; that affiant threw plaintiff, and fell upon him "very hard;" that his knee struck the abdomen just above plaintiff's groin, rendering him unable to regain control of himself for some moments, and causing great pain, of which, and its continuance, he thereafter complained; that about two and a half or three months after said collision plaintiff attempted to start a bank car of

coal with an iron hook used for that purpose, but was unable to do so, laid down the hook he was using, and said, "Bill, I believe I have broken something loose in my bowels, it feels just like it did that day in the engine room."

Appellee's learned counsel in argument say: "If it can be said that the testimony of William Ball is something more than cumulative, then it was shown by counter affidavits that he was such a monumental liar that no one could believe him." The weight of evidence is for the jury. When the testimony on both sides is delivered in court and subjected to the scrutiny there possible, the truth is more likely attained than when only part of the testimony is presented. It might be that if Ball had testified on the prior trial a different result would have followed. *Jackson* v. *Swope,* 134 Ind. 111-114. The affidavits show that he denied knowledge of the case until after the trial, when he says for the first time he spoke about it in the presence of persons not connected with the appellant company. The courts are slow to grant new trials on account of newly discovered evidence for reasons that have been fully stated. *Hines* v. *Driver,* 100 Ind. 315; *Morrison* v. *Carey,* 129 Ind. 277; Elliott, App. Proc., §857. The statute is, however, that a new trial may be granted in the following cases: "Seventh. Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." §568 Burns 1901. The evidence referred to relates to an independent, distinct, and material fact. Counsel has not suggested anything appellant should have done to secure the evidence that it did not do, and nothing occurs to the court. *Blackburn* v. *Crowder,* 110 Ind. 127.

Judgment reversed, and cause remanded, with instructions to sustain motion for new trial, and for further proceedings.