## SMITH v. SPARKS ET AL.

[No. 20,222. Filed March 8, 1904.]

PARTITION.—*Mortgages.*—*Foreclosure.*—*Decree.*—*Sheriff's Sale.*—Where a decree partitioning certain real estate and foreclosing a mortgage thereon directed that the two-thirds part as partitioned and set off be first sold by the sheriff in satisfaction of the mortgage, and if it should not sell for a sufficient sum, that the sheriff should proceed to sell the one-third part thereof set off to the mortgagee's wife, the sale of the entire tract as a whole by the sheriff after he had offered the rents and profits of the tracts and then offered each tract separately, and received no bids, was unauthorized, and void. *pp. 274-276.*

MORTGAGES.—*Foreclosure.*—*Partition.*—*Interest of Wife.*—Where the husband's interest in mortgaged real estate which had vested in his creditor by sale under an execution was, by the decree of the court, in the foreclosure of the mortgage, ordered to be first sold before resort be had to

Smith v. Sparks.

the one-third partitioned to mortgagor's wife, the action of the sheriff in selling the entire tract *in solido* was prejudicial to the wife; since it precluded her right to redeem under ?780 Burns 1901 without redeeming the entire tract. *p. 276.*

MORTGAGES.—*Foreclosure.—Interest of Wife.—Decree.— Invalid Sale.—Collateral Attack.*—Where a creditor by virtue of a sheriff's sale became the owner of the undivided two-thirds of a tract of land of his debtor, and the debtor's wife brought suit for partition of her one-third interest therein, making a mortgagee of the entire tract a defendant who in the same suit sought and obtained the foreclosure of the mortgage, such mortgagee can not attack the form of the decree rendered therein, in a suit by the wife to set aside the sale of the real estate by the sheriff, on the ground that the sale was not made in accordance with the court's decree. *pp. 277, 278.*

From Wells Circuit Court; *J. M. Smith,* Special Judge.

Action by Lovina Sparks and husband against William S. Smith. From a judgment in favor of plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. M. Berryhill* and *C. E. Sturgis,* for appellant.
*W. H. Eichhorn* and *J. K. Rinehart,* for appellee.

JORDAN, J.—Appellee, together with her husband, instituted this action to set aside a sheriff's sale to appellant of eighty acres of land situated in Wells county, Indiana. Under the issues joined, a trial by the court resulted in a finding in her favor, and, over appellant's motion for a new trial, assigning the statutory grounds therefor, judgment was rendered setting aside and annulling the sale in question.

The errors relied on for a reversal are (1) overruling a demurrer to the complaint; (2) denying a motion for a new trial.

The complaint alleged and the evidence established the following facts: Appellees, Phineas M. and Lovina Sparks, were husband and wife at the commencement of this action, and such relation existed at and prior to the 13th day of February, 1897. Phineas M. Sparks, the husband, was the owner in fee simple of the land in con-

troversy, and on that date he became indebted to the Connecticut Mutual Life Insurance Company to the amount of $600 for money borrowed by him of that company. To secure the payment thereof, he and his said wife executed a mortgage to the company on the said eighty acres of land. After executing this mortgage, but prior to the 2d day of May, 1899, a judgment was rendered in the Wells Circuit Court in favor of Elisha J. Felts, against the said Phineas M. Sparks and another on a promissory note executed by them for the sum of $352.32. After the rendition of this judgment, it appears that the judgment creditor Elisha J. Felts died testate, and William S. Smith, under his will, became the executor thereof. On May 2, 1899, as such executor, by virtue of a purchase at sheriff's sale, and a conveyance thereunder in satisfaction of said judgment, he became the owner in fee simple of an undivided two-thirds of said tract of land, and Lovina Sparks, as the wife of Phineas M. Sparks, became the owner in fee simple of the remainder by virtue of the statute of March 11, 1875 (Acts 1875, p. 178, §2669 Burns 1901). She and said Smith, as the executor aforesaid, on said date held said land undivided as tenants in common, subject to the mortgage lien of the insurance company. On said 2d day of May, 1899, she filed a petition in the Wells Circuit Court praying for partition of the land in question. Smith, as the executor of Felts' will, and as the owner of the undivided two-thirds of said realty, and the mortgagee, the Connecticut Mutual Life Insurance Company, were made parties defendant to said action in partition, and each was duly notified of the pendency thereof.

The insurance company appeared and filed its separate answer, and also filed a cross-complaint by which it sought to foreclose its mortgage upon the premises in question. To its cross-complaint it made the plaintiff and her said husband, together with William S. Smith in his individual and also in his trust capacity, and the widow and other

devisees and heirs of the said Elisha J. Felts, defendants thereto, all of whom were duly summoned to answer the said cross-complaint. The proceedings for partition and to foreclose the mortgage under the cross-complaint were treated as one action and tried together; and the court, upon the trial of the issues, found that the plaintiff Lovina Sparks was the owner in fee simple of the undivided one-third of said real estate, and Smith, as the executor aforesaid, was the owner of the remainder, and partition thereof was accordingly awarded, and commissioners were appointed and directed to make partition. The court further found in favor of the insurance company on its cross-complaint, to the effect that its mortgage was the first and best lien on the land, and that there was due and unpaid to it upon the mortgage indebtedness the sum of $674.68. A personal judgment was rendered against said Phineas M. Sparks upon the mortgage note for that amount, together with costs. The court ordered and decreed that the mortgage be foreclosed, and expressly decreed that the two-thirds of the mortgaged premises, as partitioned and set off to William S. Smith, executor of Felts' will, should be first sold by the sheriff of Wells county in payment and satisfaction of the mortgage indebtedness, interest, charges, and costs. It was further ordered and decreed that if the said two-thirds of the realty partitioned to Smith as executor should sell for a sum sufficient to pay and satisfy in full the mortgage indebtedness, together with all costs and charges thereon, then and in that event the one-third of the mortgaged premises partitioned and set off to Mrs. Sparks should be held by her free and discharged of the mortgage lien; but in the event that said two-thirds did not sell for a sum sufficient to pay and satisfy in full said mortgage indebtedness, interest, costs, and charges, then it was ordered and decreed that the sheriff should proceed to sell under the decree the one-third

partitioned and set off to her, for the purpose of satisfying the remainder due and unpaid upon the mortgage. It was also ordered that the said sale should be made without relief from valuation and appraisement laws, and that a certified copy of the decree under the hand of the clerk and the seal of the court should be a sufficient warrant or authority to the sheriff to execute the same.

At the same term of court, and as a part of the proceedings, the commissioners appointed by the court made their report, setting off to Lovina Sparks in severalty twenty acres of the said real estate, describing the tract so partitioned to her by metes and bounds. Sixty acres were set off by said commissioners to William S. Smith, executor aforesaid, as his interest in the entire tract of eighty acres. The report of the commissioners was approved, and the partition as made was confirmed by the court, subject to the lien of the mortgage of the Connecticut Mutual Life Insurance Company, and it was ordered and adjudged that the said Lovina Sparks should hold and occupy the tract of land partitioned to her. A certified copy of the aforesaid decree, including therein the order and judgment of the court in partition of the land, was duly issued by the clerk, under his hand and the seal of the court, to the sheriff of said county, and that officer duly advertised the premises for sale according to law on December 9, 1899. Upon said date it appears that the sheriff, in making the sale, did not obey or follow the commands of the decree whereby he was required to sell separately the part of the real estate set off to Mrs. Sparks on the happening of the event as mentioned. It is shown that he first offered the rents and profits of the sixty acres partitioned to Smith as executor, and, upon receiving no bid for the rents and profits, he then offered the fee simple of the said tract, but received no bid for the same. The sheriff then proceeded to offer the rents and profits of the twenty acres set off to Lovina Sparks, but, upon receiving no bid

therefor, he then offered the rents and profits of the entire tract of eighty acres, but received no bid. Thereupon he offered the entire tract of eighty acres in fee simple, and appellant William S. Smith bid for the same $746.42. This bid being the highest and best, the sheriff, as it appears, struck off and sold the entire eighty acres to appellant for that price in full satisfaction of the mortgage indebtedness, interest, costs, and charges. On payment of the amount bid, a certificate of sale was issued to appellant by the sheriff. This is the sale complained of by appellees. The sixty acres set off to Smith as executor, under the facts alleged and established by the evidence, is shown to be of the value of $1,333.33, and the twenty acres partitioned to Mrs. Sparks is shown to be of the value of $666.67, making the total value of the eighty acres $2,000.

Reduced to a simple proposition, under the facts alleged and proved, the question presented is, was the sale by the sheriff of the eighty acres *in solido* unauthorized? That this question must be answered in the affirmative is well settled by the authorities. The sheriff, as shown, sold the eighty acres as an entirety, and not in separate tracts, as he was ordered to do by the decree, and thereby clearly violated the terms and provisions thereof. The legitimate question arising under the facts is not what the decree of the court should have been, for that was a matter which was settled in the action in the proceeding for partition and foreclosure. If the insurance company or any other party in that action was not satisfied with the decree and judgment of the court as rendered, then was the proper time to have interposed objections. The court, as it appears, had jurisdiction over the subject-matter and the parties in said proceedings, and its decree therein to the effect that the parts of the mortgaged premises as partitioned should be separately sold by the sheriff, and that the part or tract set off to Smith as executor should be first

sold and exhausted before a sale should be made of the part partitioned to Mrs. Sparks was conclusive and binding upon all the parties in the action until set aside by a direct proceeding for that purpose. *Grave* v. *Bunch,* 83 Ind. 4.

Under the positive mandate of the decree, there could be no sale of the one-third that was partitioned to Mrs. Sparks until the two-thirds held separately by Smith, as executor, under the partition, had been first sold. It was only in the event that his part failed to sell for a sum sufficient to satisfy the mortgage, interest, costs, and charges that resort could be had to the portion set off to Mrs. Sparks. It is certainly evident that any sale made under the decree not authorized by the terms thereof can not be upheld, but must be set aside. *Langsdale* v. *Mills,* 32 Ind. 380.

The question as to the manner in which the tracts should be sold was not left open to the judgment of the sheriff. This had been settled in advance by the court, and therefore was not a matter within the sheriff's discretion. It was the imperative duty of this officer to obey the commands of the decree, and he had no right or authority to depart therefrom. *Meriwether* v. *Craig,* 118 Ind. 301.

We may assume that the court was justified in molding its decree as it did. In *Medsker* v. *Parker,* 70 Ind. 509, it is held that in a case where the one-third interest of the wife in the mortgaged premises had been severed and vested in her under the provisions of the act of March 11, 1875 (Acts 1875, p. 178), it was right for the court to order that the two-thirds interest of the husband should be first sold and exhausted before resort could be had to the part set off to the wife. The same holding is followed and affirmed in *Leary* v. *Shaffer,* 79 Ind. 567; *Grave* v. *Bunch, supra; Crawford* v. *Hazelrigg,* 117 Ind. 63, 2 L. R. A. 139; *Hardy* v. *Miller,* 89 Ind. 440; *Main* v. *Ginthert,* 92 Ind. 180; *DeArmond* v. *Preachers Aid Society,* 94 Ind. 59; *Purviance* v. *Emley,* 126 Ind. 419; *Kelley*

v. *Canary,* 129 Ind. 460.   This rule is asserted and upheld upon the theory that the wife, under the circumstances, occupies a position in relation to the mortgage somewhat analogous to that of a surety for her husband.   That a sheriff's sale of property may be avoided and set aside, in an action instituted for that purpose, on account of the misconduct of the officer, or irregularity in making the sale, where such misconduct or irregularity is prejudicial to the interest or rights of the party complaining, is a well-settled proposition.   *Davis* v. *Campbell,* 12 Ind. 192; *Weaver* v. *Guyer,* 59 Ind. 195; *Jones* v. *Kokomo Bldg. Assn.,* 77 Ind. 340; *Brake* v. *Brownlee,* 91 Ind. 359; 17 Am. & Eng. Ency. Law (2d ed.), 999; Rorer, Judicial Sales (2d ed.), §1101.

As shown, the sheriff was not empowered, under the decree, to sell as he did the mortgaged premises *in solido,* but was expressly ordered first to sell the tract set off to Smith as executor; and it was only in the event that this part failed to sell for a sum sufficient to satisfy the mortgage indebtedness, interest, costs, and charges, that he was empowered to resort to and sell the real estate partitioned to Mrs. Sparks.   In this respect, at least, the officer seems to have wholly disregarded the terms of the decree.   The decree of the court as certified to the sheriff in the manner therein provided was his sole warrant or authority for subjecting the land to sale, and his failure to obey its terms and provisions certainly operated to impair the substantial rights of Mrs. Sparks.   Selling the land in a body at least resulted in placing impediments in the way of her statutory right of redemption.   Had her tract been sold separately, as ordered, she would have been enabled to redeem as owner, under §780 Burns 1901, without redeeming the entire eighty acres.   Holding, as she did, under the partition, a divided interest, she would not come within the express provisions of §781 Burns 1901, which permits a person having an undivided interest in the property sold

in one body to redeem as therein provided. This section vests in the owner of an undivided interest the right to redeem, provided he redeems the land sold as an entirety. *Eiceman* v. *Finch,* 79 Ind. 511.

But counsel for appellant assert that the partition proceedings in no manner affected the mortgagee, the insurance company, and therefore Mrs. Sparks' interest in the land at the time of the sale continued to be an undivided interest, and that she could have redeemed the entire real estate sold, and then had recourse against the two-thirds held by Smith as executor. But it must be remembered that the mortgagee, the insurance company, was a party to the proceedings in partition, and was therefore bound by the judgment of the court therein. As previously said, the question in this appeal is not what the judgment or decree of the court in the partition and foreclosure proceedings ought to have been, but the question is, what was the particular judgment as rendered? The familiar rule that a party can not collaterally impeach a judgment precludes all parties to the proceedings in question from asserting that the court should have rendered a judgment therein different from the one in controversy.

It is evident, under the facts, that the judgment of the lower court is correct, and it is therefore affirmed.