## HICKAM ET AL. v. GOLLADAY ET AL.

[No. 12,063. Filed November 3, 1925.]

1. EASEMENTS.—*Conveyance of part of tract of land in such form as to deprive grantor of access to remainder raises presumption of reservation of way across portion conveyed.*—A conveyance of part of a tract of land in such form as to deprive the grantor of access to the remainder raises a presumption of reservation by .him of a way across the portion conveyed. p. 572.

2. EASEMENTS.—*Rule of reservation of way of necessity over part of land conveyed so as to deprive grantor of access to remainder applicable to involuntary conveyance under decree of court.*—The rule that a conveyance of part of a tract of land in such form as to deprive the grantor of access to the remainder raises a presumption that he reserved a way of necessity across the portion conveyed is applicable to involuntary conveyance under decree of court the same as to voluntary conveyances. p. 572.

3. EASEMENTS.—*Purchaser of land, part of which was subject to mortgage, on foreclosure thereof, may have way of necessity to unincumbered part established over the mortgaged part.*—One who purchased a farm consisting of two adjoining tracts of land, one of which was incumbered by mortgage, and access to the other was possible only by a way across the mortgaged

tract, on the foreclosure of the mortgage, may, by cross-complaint, assert his right to such way, and have the same established in the decree of foreclosure.  p. 572.

4.  RECEIVERS.—*When receiver appointed for mortgaged property during year of redemption.*—Although the statute provides that a receiver may be appointed for mortgaged property "when such property is not sufficient to pay the mortgage debt" (§1300 Burns 1926, §1279 Burns 1914, §1222 R. S. 1881), this should only be done in a clear case of necessity in order to protect the rights of others.  p. 573.

5.  RECEIVERS.—*Appointment of receiver for mortgaged property during redemption period held not justified.*—Since §831 Burns 1926, §810 Burns 1914, §767 R. S. 1881, provides that the owner of real estate sold on execution or decretal order is entitled to possession thereof during the year of redemption, the appointment of a receiver to take charge of mortgaged land during the redemption period was improper where it appeared that the value of the land exceeded the mortgage indebtedness, and there was no evidence as to the solvency or insolvency of the mortgagor.  p. 574.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Suit by Mason J. Golladay to foreclose a mortgage against Ziba P. East and others, in which the defendants Willis Hickam and wife filed a cross-complaint. From a judgment against them on the cross-complaint, they appeal.  *Reversed.*  By the court in banc.

*William L. Slinkard* and *Willis Hickam, Jr.,* for appellants.

*James M. Hudson,* for appellees.

REMY, C. J.—On December 29, 1920, appellee Golladay, hereinafter designated as appellee, being the owner of a tract of farm land consisting of one hundred sixty acres, on which was a mortgage of $8,000 in favor of the Aetna Insurance Company, sold and conveyed one hundred twenty acres of the one hundred sixty-acre tract to appellee Ziba P. East, subject to the mortgage. East was, at the time, and continuously since 1907 had been, the owner and in possession of a fifty-acre tract of land adjoining the one hundred twenty-acre tract on

the southeast. East, when he purchased the one hundred twenty-acre tract, and in payment therefor, gave to appellee his promissory note for $4,000, with a second mortgage on the one hundred twenty-acre tract as security. On January 21, 1921, East sold to appellants the two tracts as one farm of one hundred seventy acres, the conveyance of the one hundred twenty-acre tract being made subject to the two mortgages. The fifty-acre tract was unencumbered. At all times since appellee sold and conveyed the one hundred twenty-acre tract to East, the entire one hundred and seventy acres have been operated as one farm. The fifty-acre tract lies one-half mile from any public highway, the only way of ingress and egress to the public highway being over a strip of land twenty feet wide lying along and upon the east side of the one hundred twenty-acre tract, which way of ingress and egress has been in continuous use since 1907. For many years prior to his sale and conveyance to East, appellee had owned the one hundred twenty-acre tract, and at the time he accepted from East the $4,000 mortgage in suit, he knew of the previous use of the strip of ground as the way from the fifty-acre tract out to the public highway.

For default in payment of interest, the $4,000 second mortgage note became due, and on January 27, 1923, this suit on the note, and for foreclosure of the mortgage, was commenced by appellee against East and appellants. In his complaint, appellee averred that East was insolvent, and asked that, pending the year of redemption, a receiver be appointed to take charge of the real estate covered by the mortgage. In addition to an answer in denial, appellants filed a cross-complaint averring the facts as to location, in respect to the public highway, of the fifty and the one hundred twenty-acre tracts of land; also as to the ownership by East of the fifty-acre tract at and prior to January 1, 1921, his pur-

chase, on that day, from appellee of the one hundred twenty acres, his subsequent sale of both tracts to appellants, and the continuous operation of both tracts as one farm after January 1, 1921, with prayer that, as a part of the decree of foreclosure, appellants be given an easement twenty feet in width along the east side of the one hundred twenty-acre tract, as a way of necessity from the fifty-acre tract to the public highway. Appellee does not question the sufficiency. of the cross-complaint, but replies to the same by denial.

On the trial of the cause, the facts as above set forth having been established by the evidence, the court rendered judgment against appellants for the amount of the note, for a foreclosure of the mortgage, against appellants on their cross-complaint, and appointed a receiver.

The only questions presented by this appeal, which it will be necessary for this court. to consider, are as to the sufficiency of the evidence to sustain the decision of the trial court on the issue presented by the cross-complaint, and the sufficiency of the evidence to sustain the decision as to the appointment of a receiver.

.It is a well-established rule that if one conveys a part of his land to another in such form as to deprive himself of access to the remainder, there is a legal

1-3. presumption that the conveyance was with the understanding of the parties that the grantor reserved a way across the portion conveyed. *Vandalia R. Co.* v. *Furnas* (1914), 182 Ind. 306, 106 N. E. 401; *Ritchey* v. *Welsh* (1898), 149 Ind. 214, 219, 48 N. E. 1031, 40 L. R. A. 105, and cases cited. In the case at bar, the severance of appellants' one hundred seventy-acre farm is not by appellants' voluntary deed of conveyance of the one hundred twenty-acre tract which lies between the fifty acres and the public highway. The severance is to be by decree of a court of equity, and

based upon the mortgage; but the rule is the same whether the conveyance is voluntary and by deed, or involuntary, by a court's decree. As was said by the Supreme Court of Massachusetts in the case of *Pernam* v. *Wead* (1806), 2 Mass. 203, 3 Am. Dec. 43: "If when a man voluntarily, for a valuable consideration, grants land, having other land in the rear, he be entitled to this way of necessity, although he might have secured it by reservation in his grant; surely when his land is taken from him *without* his consent by force of law, he is not less entitled to such privilege." To the same effect, see, *Schmidt* v. *Quinn* (1884), 136 Mass. 575; *Taylor* v. *Townsend* (1812), 8 Mass. 411, 5 Am. Dec. 107; *Damron* v. *Damron* (1905), 119 Ky. 806, 84 S. W. 747. Clearly the decision of the court on the issue presented by the cross-complaint is contrary to law.

To give the unfortunate owner of real estate sold on execution or decretal order an opportunity to retrieve fortunes, it is provided by the Code of this state 4. that he shall be entitled to possession of the real estate for one year from the date of sale. §831 Burns 1926, §810 Burns 1914, §767 R. S. 1881. Under another provision of the Code (§245 Code Civ. Proc.; §1300 Burns 1926, §1279 Burns 1914) the court, in such cases, is authorized to deprive the owner of the right of possession and appoint a receiver to take charge of the property pending the year of redemption, "when it appears that such property is in danger of being lost, removed, or materially injured; or when such property is not sufficient to discharge the mortgage debt"; but, as stated by the Supreme Court in *Sellers* v. *Stoffel* (1894), 139 Ind. 468, 39 N. E. 52, a receiver ought not be appointed in such a case except, "in a clear case of necessity, in order to protect the rights of others." See, also, *Aetna Life Ins. Co.* v. *Broeker* (1906), 166 Ind. 576, 77 N. E. 1092.

In the case at bar, it appears from the evidence that the one hundred twenty-acre tract is of the value of $12,000, and that the mortgage indebtedness against that tract, including the $8,000 first mortgage in favor of the Aetna Insurance Company, and the costs and attorney's fees, is $13,000; that the first mortgage covers not only the one hundred twenty-acre tract, but an additional forty acres of the value of more than $4,000. According to this evidence, the security for the two mortgages is more than $16,000, or $3,000 more than the total mortgage indebtedness. The evidence further shows that appellants, when they purchased the land covered by the mortgage in suit, "did not assume and agree to pay" the first mortgage which covers the forty acres in addition to the one hundred twenty-acre tract covered by the second mortgage. There is no evidence as to the solvency of East against whom judgment for the full amount of the note in suit was taken by default. The mortgage in suit did not provide for the appointment of a receiver in the event of foreclosure.

We hold that the decision of the court in the appointment of a receiver is not sustained by sufficient evidence.

Reversed.