## BOARD OF COMMISSIONERS OF ALLEN COUNTY v. TRAUTMAN.

[No. 25,902.   Filed January 31, 1933.]

C. R. McNabb and *Creighton H. Williams,* for appellant.

Andrew W. Perry and O. R. Kuhlman, for appellee.

ROLL, J.—This action was brought by the appellee, Helen Trautman, against the appellant to recover a money judgment for $1,291.00, claimed as due appellee from Allen County, Indiana, as the unpaid balance of her compensation for services in the office of the assessor for Wayne township for 645½ days in the years of 1924, 1925, and 1926, figured at six dollars per day, totaling $3,873.00; of this amount appellee, before the bringing of this action, had received $2,582.00, leaving said balance due, as claimed, of $1,291.00, she having been paid at the rate of $4.00 per day.

The amended complaint upon which the case was tried consisted of two paragraphs. The finding was based upon the second paragraph and therefore no further notice need be given the first paragraph.

The second paragraph, in substance, recites the following facts: That during the years 1924, 1925, and 1926 Wayne township, Allen County, had a population of less than two hundred thousand, as shown by the last preceding United States census; that for each of said

years said Wayne township had an assessed valuation, as shown by the last preceding assessment, of one hundred twenty-five million ($125,000,000.00) dollars or more; that on or about March 17, 1924, Edwin Miller, the then duly elected, qualified, and acting township assessor for Wayne township, employed this plaintiff as a record and transcript clerk in the office of said township assessor in said county and that said employment of the plaintiff by said assessor was necessary to carry on the work of said office.

The plaintiff qualified and entered upon her duties as such employee on March 17, 1924, and that during the remainder of the year 1924 and during 1925 and up to and including May 29, 1926, the total number of days that she performed the duties of record and transcript clerk in said office were 645½ days; that by reason of the foregoing premises and the act of the legislature of Indiana, Acts 1920, page 193, she is entitled to receive compensation at the rate of $6.00 per day for each day that she was employed as aforesaid as record and transcript clerk and entitled to receive from Allen County the sum of $3,873.00, but that she in fact received only $2,582.00, which was paid by said county, and that there is now due her the sum of $1,291.00, which sum is wholly unpaid. A bill of particulars, setting forth the days together with the total amount paid and amount now owing, was attached to and made a part of the complaint.

Appellant's demurrer to the second paragraph of complaint was overruled, but there was a special finding of facts and conclusions of law, with exceptions thereto, which present the same question as is presented by the demurrer, and therefore no further attention need be given on the overruling of appellant's demurrer. *Fry et al.* v. *Hare et al.* (1906), 166 Ind. 415, 77 N. E. 803; *Ross* v. *Van Natta* (1905),

164 Ind. 557, 74 N. E. 10; *Goodwine* v. *Cadwallader* (1901), 158 Ind. 202, 61 N. E. 939.

The court found the facts, in substance, as follows: he found the facts with reference to the election of Edwin W. Miller as township assessor of Wayne township of Allen County, and the population and assessed valuation of said township, all as alleged in plaintiff's complaint; also the employment of appellee as record and transcript clerk, the number of days employed and served as set out in her bill of particulars attached to the complaint; that from March 17, 1924, and ending on the 29th day of May, 1926, a period of 645½ days, exclusive of Sundays, plaintiff filed her verified claims semi-monthly during said period for her salary at the rate of four ($4.00) dollars per day, with the Board of Commissioners of Allen County which was allowed as presented. The total sum so allowed was $2,582.00. For the remainder of the year 1926 plaintiff filed her several verified claims semi-monthly with said Board of Commissioners in the sum of $6.00 per day which was allowed; that the total number of days on which plaintiff performed services as record and transcript clerk at a salary of $4.00 per day was 645½ days, and that she received as compensation therefor the sum of $2,582.00.

That on the 28th day of September, 1927, plaintiff filed her claim with the Board of Commissioners of Allen County for 645½ days at a per diem of $6.00, totaling $3,873.00, on which she had received credit in the sum of $2,582.00, leaving a balance claimed to be due her in the sum of $1,291, which said claim was disallowed by said Board of Commissioners on the 3rd day of October, 1927.

The court found that there is due and owing plaintiff for the period covered by said employment for which she received $4.00 per day the sum of $1,291.00.

The court's conclusions of law on the facts found are as follows:

1. That Chapter 55 of the Acts of 1920 govern the rate of compensation to which the plaintiff was entitled during the period of her services.

2. That plaintiff was entitled to receive the sum of six ($6.00) dollars per day for each day of service as a transcript and record clerk performed by her in the office of the township assessor of Wayne township, Allen county, Indiana.

3. That plaintiff is entitled to have and recover of and from the defendant on her second paragraph of her amended complaint, the sum of $1,291.00 plus costs and expenses.

Appellant excepted to each of the separate and several special findings of fact and to each separate and several conclusion of law.

Appellant filed its motion for a new trial which was overruled by the court with proper exceptions, reserved by appellant.

The appellant has assigned as error in this court, (1) the overruling of its demurrer to the second paragraph of amended complaint, (2) error in its conclusions of law, and (3) the overruling of his motion for a new trial.

The major question to be decided in this case, briefly stated, is: What compensation per day was plaintiff entitled to receive, under the Statutes of Indiana, for her services, as record and transcript clerk, while working in the office of the township assessor? Appellee filed her semi-monthly claim for $4.00 per day, and was paid all she then claimed was due her. Now she claims she was entitled to six dollars per day, and says that if she was, in fact, entitled to six dollars per day and was paid but four dollars per day, she is not precluded from recovering the additional $2.00 per day because she filed for only four dollars instead of six.

The rights of the parties depend upon the interpretation placed upon chapter 55 of the Acts of 1920 and chapter 59, Acts 1919, §136 and §138.

That part of §136, Acts 1919, pp. 198-272, which has to do with the question here involved, reads as follows:

"Provided, however, That in township having a city of the first or second class, located therein, the deputies including those engaged in the office work of such office shall receive a compensation for such work of four dollars per day for each day that they are actually employed by the township assessor, to be paid as provided in this section."

Section 138 of said act provides:

"The township assessor in townships having a population of two hundred thousand or more according to the last United States census shall receive an annual salary of three thousand five hundred dollars. In townships having a population of two hundred thousand or more according to the last preceding United States census, the deputies employed in listing and assessing real estate for taxation in the year in which real estate is assessed shall receive a compensation for such services of not more than five dollars per day for each day that they are actually engaged in the performance of their duties, which amount shall be determined by the board of commissioners of the county in which such township is situated."

The special session of 1920 passed an act which purports to amend §138 of the act of 1919 (Acts 1919, pp. 198-272). The title to the 1920 act reads thus:

"An act to amend §138 of an act entitled 'an act concerning taxation—repealing all laws in conflict therewith and declaring an emergency,' approved March 11, 1919."

The act itself reads:

"*Be it enacted by the general assembly of the State of Indiana,* That §138 of the above entitled act be amended to read as follows: Sec. 138. The township assessor in townships having a population of two hundred thousand or more according to the

last preceding United States census shall receive an annual salary of thirty-seven hundred fifty dollars ($3,750). Such township assessor and the township assessor of any township having a population of less than two hundred thousand as shown by the last preceding United States census and an assessed valuation as shown by the last preceding assessment of one hundred twenty-five million dollars of taxables or more is hereby authorized to employ one chief deputy, who shall receive compensation at the rate of six dollars and fifty cents ($6.50) per day; one outside deputy, who shall receive compensation at the rate of six dollars ($6.00) per day; and such number of record and transcript clerks as may be necessary in carrying on the work of the township assessor's office, and who shall receive compensation at the rate of six dollars ($6.00) per day. . . ."

It is the contention of appellant that the amendatory act of 1920 is unconstitutional and void as violative of Art. 4, §21, of our State Constitution, which section provides that:

"No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length."

Appellant argues that the amendatory act of 1920 purports to amend §138 of the 1919 act, but does not purport to amend §136 of said act, and that the amendatory act does in fact amend both sections 136 and 138, and, as the act or section, as amended, does not set forth §136, it violates the above mentioned section of our constitution. If appellant's premises are correct, this case must necessarily be reversed. We find ourselves unable to agree with appellant's contention, viz., that the amendatory act in fact amends, or attempts to amend, §136 of the 1919 act. We think §136 of the 1919 act is still in full force and effect, unaffected by the act of 1920. The deputies mentioned in said section are unaffected by the later act, and are still entitled to only four dollars per day as compensation for their services.

The act of 1920 amends and changes the salary of the township assessor in townships having a population of two hundred thousand or more, from thirty-five hundred dollars to thirty-seven hundred and fifty dollars per year, and in addition thereto authorizes the assessor in such townships and also the assessors in townships having a population of less than two hundred thousand and an assessed valuation of one hundred twenty-five million dollars of taxables or more to employ one chief deputy at $6.50 per day, one outside deputy at $6.00 per day, and to employ such number of record and transcript clerks as may be necessary. We conceive of no reason why both sections cannot be construed together, and both be allowed to stand. If this can be done it is our plain duty to do so. Section 136 fixes the compensation of the deputy assessors. The amendatory section in nowise attempts to change or affect them. As we read the act of 1920, it adds two additional classes of employees to the assessor's office in the township coming within the purview of this act, and they are a chief deputy, and an outside deputy, and record and transcript clerks. That such may be done, we think, is too clear for serious argument. We see no conflict with section 136 of the Acts of 1919 and section 138 as amended in 1920. Therefore we hold that the amendatory act of 1920, Acts 1920, p. 193, is not unconstitutional.

The next point urged by appellant is, that the action of the Board of Commissioners in passing upon appellee's claim was judicial and that the matter is now res adjudicata. It is expressly provided by §5975 Burns Ann. St., Acts 1879, Special Session, p. 106, as amended Acts 1885, p. 80, that:

"If a claim be disallowed, in whole or in part, except where the claim is for services voluntarily ren-

dered or things voluntarily furnished, the claimant may appeal, or, at his option, bring an action against the county."

Under this section it has been decided by this court that the act of the Board of Commissioners, in passing on a claim, is administrative or ministerial and not judicial. *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446, 62 N. E. 45, and cases there cited.

The third and last contention of appellant is, that appellee was not employed as a record and transcript clerk, and did not perform the duties as a record and transcript clerk in the office of the assessor of Wayne township, Allen county, Indiana. The evidence of appellee as to the nature and kind of work performed fully and sufficiently supports the finding of the court on this point.

We find no reversible error in the record, therefore the judgment of the lower court is affirmed.