SECURITY SAVINGS & LOAN ASSOCIATION *v.*
MORGAN ET AL.

[No. 16,089.   Filed May 2, 1939.]

*Emra H. Ireland,* for appellant.

*Benjamin F. Zieg,* for appellees.

CURTIS, C. J.—This was an action brought by the appellees against the appellant to set aside a sheriff's sale of certain described real estate, sold to the appellant on an order of sale in a mortgage foreclosure proceeding; to cancel the certificate of purchase issued by the sheriff to the appellant; and to declare void the deed executed by the sheriff to the appellant on the surrender of the said certificate of purchase at the expiration of the year of redemption.

The complaint was in one paragraph and was filed on the 5th day of August, 1936. It was subsequently amended, to which amended complaint the appellant filed a demurrer which was overruled with an exception. An answer in general denial put the case at issue. A trial was had before the court without the intervention of a jury. The court upon proper request made a special finding of facts and stated its conclusions of law thereon and rendered its judgment. In due time the appellant filed a motion for a new trial which was overruled. This appeal followed. The causes or grounds of said motion, relied upon by the appellant, are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The errors relied upon in this court are alleged error in overruling the appellant's demurrer to the amended complaint, error in each of the five conclusions of law, and error in the ruling on the motion for a new trial.

Before reviewing any of the questions sought to have reviewed it is appropriate here to say that there is ·much merit in the contention of the appellees that ██ the appellant has not sufficiently complied with the rules as to briefing to present any question. An examination of the appellant's brief discloses that under the heading of propositions and authorities naked abstract propositions of law are stated with authorities in support thereof, but with little or no attempt made to make an application thereof to the errors relied upon for reversal. Some of these statements of law are substantially correct but either have no application to the errors assigned or have not been shown by the appellant to have any pertinent application thereto. See: *Phend* v. *Milk Control Board of Indiana* (1938), 213 Ind. 359, 12 N. E. (2nd) 114; *Gmil* v. *Greenspan* (1935), 100 Ind. App. 12, 193 N. E. 920.

Upon an examination of the record as a whole we are able to discover what the main contention of the appellant is, and since this court is committed to the policy of attempting to decide all cases upon their merits, whenever possible, we now proceed to an examination of the appellant's said contention. In the first place, however, we wish to point out that any alleged error as to the overruling of the demurrer ·to the . amended complaint is not now available. The general rule is that where there is a full special finding of facts and conclusions of law stated thereon and proper exceptions thereto, as in the instant case, and the same question arising upon the antecedent overruling of the demurrer to· the pleadings are presented by the said conclusions of law and the exceptions thereto, it is unnecessary to consider separately the ruling or rulings on the demurrer or demurrers. See: *Swarthout et ux.* v. *McDonald Mortgage & Realty Co.* (1936), 102 Ind. App. 298, 199 N. E. 467; *Board of Commissioners of Allen* .

*County* v. *Trautman* (1933), 204 Ind. 362, 184 N. E. 178.

Proceeding then to the conclusions of law and examining them in the light of the special finding of facts we are convinced that there is no reversible error in them. They are as follows:

"(1) That the law is with the plaintiff.

"(2) That the plaintiffs are entitled to have the Sheriff's sale of said real estate declared void and of no force and effect.

"(3) That the plaintiffs are entitled to have the Certificate of sale issued to the defendant by the Sheriff of Vanderburgh County for said real estate, cancelled and set aside.

"(4) That the plaintiffs are entitled to have the Sheriff's deed for said real estate, conveying the same to the defendant, cancelled and set aside and held for naught.

"(5) That the plaintiffs are entitled to recover of and from the defendant their costs and charges laid out and expended herein."

The court following closely the allegations of the amended complaint, among other things, found the facts as to the original ownership of the four pieces of real estate in question by the appellees; that said real estate was by them mortgaged to the appellant and duly recorded on the 18th day of April, 1929; the foreclosure of said mortgage; the judgment and order of sale in said proceedings; the sale by the sheriff of said real estate *in solido* instead of each parcel separately; the purchase of said real estate by the appellant at said sheriff's sale; the certificate of purchase and then the deed by the sheriff to the appellant after the year of redemption had expired. There was nothing unusual found as to such proceedings. We now quote paragraphs 6, 7, 8, and 9 of said special finding of facts as follows:

"(6) That at the time of said sale of said real estate described in finding number two hereof,

said sheriff did not offer said several lots of said real estate separately for sale, but did offer all of said lots and real estate collectively, *in solido,* and did sell the same to the said plaintiff in one tract and collectively, *in solido,* for the price heretofore set out in finding number five.

"(7)   That said real estate described in finding number two hereof consisted of four separate houses and lots and was susceptible of division and each lot and house thereon was susceptible of being sold separate and apart from each of the other houses and lots.

"(8)   That the plaintiffs, nor either of them, were not present at the sale of said real estate by said sheriff, and had no actual knowledge that said houses and lots were sold collectively, *in solido,* as one tract, and not separately until the day prior to the filing of this action in the Superior Court of Vanderburgh County, State of Indiana.

"(9)   That a few days before the period of redemption allowed by the statute had expired, the plaintiffs requested the defendant to be allowed to redeem lots twenty-three, twenty-four and twenty-five in Block two, Garvin Park, an addition to the City of Evansville, from said sheriff's sale, but the defendant, by and through its Secretary and by and through its Board of Directors refused to permit these plaintiffs to redeem said real estate above described unless the entire and all of said real estate was redeemed from said sheriff's sale."

It is not seriously contended by the appellant that the sheriff's sale was proper. In view of the statute such a contention, if made, would be entirely untenable. See: Section 3-1818 Burns 1933, §1018 Baldwin's 1934. It does contend, however, that the appellees did not bring their cause of action within the statutory year of redemption and are thereby barred.

It was at one time held in this state that a sale *in solido,* as in the instant case, instead of a sale in separate parcels as directed by statute, the real estate being susceptible of division, was void but that rule has been

somewhat changed and it now seems settled that such a sale is now considered voidable and not void and that an action to set it aside must be brought within a reasonable time. See: *Nelson et al.* v. *Bronnenburg* (1881), 81 Ind. 193. The contention of the appellant that at all events the action to set aside such a sale must be brought within the period of redemption is not borne out by the cases. There are numerous cases in this state where, upon a proper showing, the right to set aside such a sale after the period of redemption has expired has been upheld. We quote from *Fletcher* v. *McGill* (1887), 110 Ind. 395, 406, 10 N. E. 651, as follows: ". . . it is argued that a voidable sale will not be set aside unless proceedings to that end are commenced within the period allowed by law for redemption. Undoubtedly *that is true, unless some good reason is shown for not commencing proceedings within the year.*" See: 23 C. J. 688; *Smith* v. *Sparks et al.* (1904), 162 Ind. 270, 70 N. E. 253; *Meriwether* v. *Craig* (1889), 118 Ind. 301, 20 N. E. 769; *Fountain Coal Co.* v. *Phelps* (1884), 95 Ind. 271.

The real estate in question having been sold *in solido* instead of in separate parcels as required by the statute, the appellees could not redeem any separate parcel in the usual way but must redeem all or none. In this contention we deem it appropriate to call attention again to the special finding of facts to the effect that the real estate here involved consisted of four separate houses and lots; that it was susceptible of being sold separately and apart from each other; that the appellees were not present at the sale by the sheriff and had no knowledge that said houses and lots were sold *in solido* until the day before the filing of this cause of action; that a few days before the period of redemption had expired the appellees had requested of the appellant that they be allowed to redeem certain of said

parcels, but that the appellant through its Secretary and Board of Directors refused such request. We have examined the evidence and find that it sustains the said finding. Upon such a showing we think the trial court reached the correct conclusion.

Finding no reversible error, the judgment is affirmed.