PYRAMID COAL CORPORATION *v*. PRATT.

[No. 28,815.   Filed June 21, 1951.   Rehearing denied
October 2, 1951.]

*Robert S. Ratcliffe, Thomas P. Gallagher* and *Adamson & Adamson,* all of Terre Haute, for appellant.

*Fansler, Fauvre, Young & Chambers,* of Indianapolis; *Ben F. Small, Jr.,* and *Thomas F. O'Mara,* both of Terre Haute for appellees.

GILKISON, J.—On October 1, 1904, Harlan Price and his wife, Rosa Price, as tenants by the entireties, owned the fee simple title to 24 acres of land in Vigo County, Indiana. On that date they conveyed the coal lying in and under that real estate to Julius Ehrlich by warranty deed. No effort was made to mine the coal until on or about August 21, 1940, when appellant became the owner, through a series of mesne conveyances, of the coal rights acquired by Ehrlich through the Price deed.

On May 16, 1931 appellees, through a warranty deed from the Prices, became the owners of three acres more or less of such real estate, except the coal conveyed to Ehrlich. Thereafter, they built a modern house on the three acre tract and to supply water, drilled a well $3\frac{1}{2}$ inches in diameter from the surface through the coal into the strata some 20 feet below where they found water sufficient for their needs. In 1943 appellant, in mining its coal under the Pratt land cut and removed that part of the well casing and other parts which passed through the seam of coal and thereby deprived appellees of their supply of water and allegedly contaminated the source thereof in the underlying strata.

On September 2, 1944 appellees brought their action against appellant to collect damages for the wrongful action noted. In due time four paragraphs of complaint were filed. The first two proceed upon the theory that appellees had an easement of necessity through appellant's coal seam to reach the water located in that part of their estate lying below the coal. That this easement had existed and been in use many years before appellant bought the coal and it knew, or by such inquiry as the circumstances reasonably required, could have learned of the existence and location of

appellees' well and by the exercise of ordinary care could have removed its coal without injury to the well, all of which it failed to do. The third and fourth paragraphs seek recovery on the theory that the acts of appellant constituted a trespass upon, or interference with appellees' use and enjoyment of the easement. Demurrers were filed to each paragraph of complaint and overruled. Issues of fact were joined and tried by the court which found the facts specially, stated conclusions of law thereon favorable to appellees and rendered judgment for them in the sum of $5,000. From this judgment the appeal is taken.

Where there is a special findings of fact and conclusions of law thereon to which exceptions are taken presenting the same questions as presented by the demurrers, this court is not required to consider such questions separately. *Board of Commissioners Allen Co.* v. *Trautman* (1933), 204 Ind. 362, 364, 184 N. E. 178; *Security Savings & Loan Assn.* v. *Morgan* (1939), 106 Ind. App. 437, 439, 20 N. E. 2d 707.

The law applicable to the creation of a way of necessity is aptly stated by Monks, J. as follows:

"It is settled law that if one conveys a part of his land in such form as to deprive himself of access to the remainder, unless he goes across the land sold, he has a way of necessity over that portion conveyed. This is because the law presumes an understanding of the parties that the one selling a portion of his land shall have a legal right of access over the part sold to the remainder, if he cannot reach it in any other way. If the part conveyed is in such form that the grantee cannot reach the same except over the part not conveyed, such grantee has a way of necessity thereto over the land of the grantor, not conveyed, for the reason that the law presumes that one would not

sell his land to another without an understanding that the grantee should have a legal right of access thereto over the part not conveyed. . . . (Authorities) . . . These presumptions prevail over the ordinary covenants of a warranty deed. *Brigham* v. *Smith,* 4 Gray 297. The rights of the grantor and grantee would not be different or any more extensive if by the terms of the deed express provision was made for such way of necessity. *Viall* v. *Carpenter,* 80 Mass. 126; *Blum* v. *Weston,* 102 Cal. 362, 36 Pac. 778, 41 Am. St. 188; *Brigham* v. *Smith, supra.* The law thus giving effect to such grant according to the presumed intent of the parties." *Ritchey et al.* v. *Welsh* (1898), 149 Ind. 214, 217, and cases cited, 48 N. E. 1031; *Vandalia R. Co.* v. *Furnas* (1914), 182 Ind. 306, 310, 106 N. E. 401; *Hickam* v. *Golladay* (1925), 83 Ind. App. 569, 572, 149 N. E. 375.

The Indiana cases cited and those that have been called to our attention have to do only with ways of necessity from one surface or horizontal estate to another. Apparently the matter of a way of necessity vertically from a surface estate to underlying strata has not been before the courts of Indiana until now and in a measure we are required to pioneer. This court has heretofore held that "It is a fundamental maxim that the title to land extends down to the center of earth, and up to the heavens, within the lines of gravitation; . . ." *Keiper et ux.* v. *Klein et al.* (1875), 51 Ind. 316, 323. This being true it seems to follow logically and naturally that when the owner of the fee title to land sells to another an underlying stratum or seam of coal by a proper deed of conveyance, he retains in himself, without special reservation, a way of necessity from the surface estate, vertically through the seam of coal so conveyed to his underlying estate for a reasonable use thereof.

The rule applying to this situation has been well stated as follows:

"It has been held that a surface owner, who has sold a stratum of minerals, has a right of access through the stratum by shaft or well to the underlying strata, apart from any reservation in his deed, and this right he may transfer to another." 58 C. J. S., Mines and Minerals, § 160, p. 337.

This rule is supported by the weight of authorities in other states cited as follows: *Pace* v. *State ex rel. Rice* (1941), 191 Miss. 780, 4 So. 2d 270; *Hoffstot* v. *Dickinson* (1947), 71 F. Supp. 897; *Phillips G. & O. Co., Appel.* v. *Manor Gas C. Co.* (1917), 68 Pa. Superior Ct. 372; and *Chartiers Block Co., Appellant* v. *Mellon* (1893), 152 Pa. 286, 25 Atl. 597, 18 L. R. A. 702. See also Note 5, § 575, 40 C. J., Mines and Minerals, p. 986 and additional authorities there cited. In the absence of any authorities to the contrary in Indiana, we accept and approve this rule.

This right constitutes an easement appurtenant to the land or the estate therein retained by the grantor and passes without specific designation, with the conveyance of such land or estate. On the other hand the purchaser of the servient property takes subject to the easement without reservation. *Kane* v. *Templin* (1912), 158 Iowa 24, 27, 28, 138 N. W. 902. See also: *Ross* v. *Thompson* (1881), 78 Ind. 90, 98; *Parish* v. *Kaspare* (1886), 109 Ind. 586, 588, 10 N. E. 109; *Towle* v. *The State, ex rel. Shoenaman et al.* (1886), 110 Ind. 120, 122, 10 N. E. 941; *Robinson* v. *Thrailkill et al.* (1886), 110 Ind. 117, 119, 120, 10 N. E. 647; *Fankboner* v. *Corder* (1890), 127 Ind. 164, 167, 26 N. E. 766; *Ellis* v. *Bassett* (1890), 128 Ind. 118, 121, 122, 27 N. E. 344.

There is no question that at and prior to the time the Prices executed the coal deed to Ehrlich, they were the fee owners of the 24 acre tract and therefore the owners of all the strata both above and below the coal stratum conveyed. With this deed there went a retention by the grantor of a right to a way of necessity through the coal stratum conveyed, for the reasonable enjoyment of their estate in the strata underlying the coal. This right they conveyed to appellees by the warranty deed noted. *Ellis* v. *Bassett* (1890), 128 Ind. 118, 122, *supra*, and cases there cited. This right is not waived or lost by a mere failure to exercise. It may be reasonably exercised by the owner at his will.

Appellant may not claim that it did not know appellees were using the easement at the time it destroyed the well. Appellees had owned and lived upon the land since about the date of their deed and the well in question was constructed in 1931 and had been in regular use continuously since to the time of its destruction in 1943. It is a familiar rule that possession is sufficient to put a purchaser upon inquiry, and that means of knowledge is equivalent to knowledge. This statement of the law is sustained by an unbroken line of authorities. *Ellis* v. *Bassett* (1890), 128 Ind. 118, 122, *supra*, 27 N. E. 344, 25 Am. St. 421 and cases there cited; *Joseph et al.* v. *Wild* (1896), 146 Ind. 249, 254, 45 N. E. 467; *Conover* v. *Cade* (1916), 184 Ind. 604, 622, 112 N. E. 7; *Shandy* v. *Bell* (1934), 207 Ind. 215, 220, 189 N. E. 627.

It has been argued that since the finding of facts show no necessity for appellees to penetrate the seam of coal to reach their underlying estate, that they might have reached their sub-strata estate without such penetration. These suggestions are arbitrary and are in direct conflict with the known facts and laws of nature.

The special finding of facts shows that the seam of coal was at least 56 feet beneath the surface, and that the water was 20 feet beneath the coal a total distance of 76 feet plus the depth of the seam of coal. It is obvious from these findings of facts that the coal must be penetrated to reach the water. Any argument to the contrary is too tenuous for serious consideration.

A rule of reason covering a situation similar to the situation in the instant case has been stated thus:

> "The position that the owner of the coal is also the owner of the hole from which it has been removed, and may forever prevent the surface owner from reaching underlying strata, has no authority in reason, nor, . . . in law. . . . The owner of the coal must so enjoy his own rights as not to interfere with the lawful exercise of the rights of others who may own the estate, either above or below him. The right of the surface owner to reach his estate below the coal exists at all times. The exercise of it may be more difficult at some times than at others, and attended with both trouble and expense. No one will deny the title of the surface owner to all that lies beneath the strata which he has sold. It is as much a part of his estate as the surface. If he is denied the means of access to it, he is literally deprived of an estate which he has never parted with . . ." *Chartiers Block Coal Co., Appellant* v. *Mellon* (1893), 152 Pa. 286, 297, 25 Atl. 597, 599 18 L. R. A. 702, 707, *supra; Pa. Cent. Brewing Co.* v. *Lehigh Valley Coal Co.* (1915), 250 Pa. 300, 95 Atl. 471.

It cannot matter whether the owner of the dominant estate was seeking water or oil, in penetrating the coal seam. His rights are identical no matter what he seeks to take from the underlying estate.

Finding no error, the judgment is affirmed.

Draper, C. J., not participating.

NOTE.—Reported in 99 N. E. 2d 427.